UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JAMES ANTHONY COFFMAN<br>    LA. DOC #508718 | CIVIL ACTION NO. 5:13-cv-3099 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner James Anthony Coffman, an inmate in the custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 14, 2013. Petitioner attacks his 2008 convictions for attempted murder and theft and the hard labor sentences totaling 50 years imposed thereon by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On August 9, 2006, petitioner was indicted and charged with first degree murder.  On May 8, 2007, the Court, having considered the report of the Sanity Commission, concluded that petitioner was competent to stand trial. On March 18, 2008, the bill of indictment was amended to charge second degree murder. On April 8, 2008, petitioner pled guilty to another amended bill charging him with attempted second degree murder and felony theft.  On August 19, 2008, he was sentenced to concurrent sentences totaling 50 years. [Doc. 1-4, pp. 15-16; 39-40] His motion to reconsider sentence was denied and he appealed his sentence to the Second Circuit Court of

Appeals arguing a claim of excessiveness of sentence. On May 13, 2009, his conviction and sentence were affirmed by the Second Circuit. *State of Louisiana v. James Anthony Coffman*, 44-183, 44,184 (La. App. 2 Cir. 5/13/2009), 13 So.3d 725.  He did not seek further direct review in the Louisiana Supreme Court. [Doc. 1, ¶9(g)]

On November 30, 2009, petitioner filed a *pro se* application for post-conviction relief arguing a claim of ineffective assistance of counsel.  The State answered. [Doc. 1-4, pp. 9-12; 33-36] On March 25, 2010, his application was denied by the District Court. [Doc. 1-4, p. 6; pp. 7-8; pp. 27-29; p. 30; pp. 31-32]  Petitioner did not seek further review of this order. [Doc. 1, ¶12(d)(4); Doc. 1-2, ¶1 and ¶6]

On September 7, 2012, he filed a *pro se* "Motion to Vacate all Illegally Conducted Proceedings and have the Court fulfill its Statutory Duty Pursuant to La. C.Cr.P. arts. 642 & 648 Which Specifically Delineates How to Resolve Competence Through Specified Procedures." [Doc. 1-4, pp. 49-64] On November 5, 2012, the District Court denied relief noting, "... the issue of mental competency and the adequacy of the sanity commission was raised by [this] Petitioner in his Application for Post-Conviction Relief which was denied by this Court on March 25, 2010." [Doc. 1-4, p. 18; p. 42]

Petitioner filed a *pro se* pleading in the Second Circuit Court of Appeals on November 27, 2012, seeking review of the District Court's November 5, 2012, judgment. On January 10, 2013, the Court of Appeals construed his pleading as an application for post-conviction relief and denied relief both on the merits pursuant to La. C.Cr.P. art. 930.2 and as time-barred pursuant to art. 930.8. *State of Louisiana v. James Anthony Coffman*, No. 48,095-KH (La. App. 2 Cir. 1/10/2013). [Doc. 1-4, p. 17 and p. 41; p. 25; 47] His subsequent application for writs was also construed by the Supreme Court as an application for post-conviction relief, and on July 31,

2

2013, it was denied as time-barred by the provisions of art. 930.8; reconsideration was denied October 4, 2013. *State of Louisiana ex rel. James Anthony Coffman v. State of Louisiana*, 2013-0361 (La. 7/31/2013), 118 So. 3d 1113, *reconsideration denied* 10/4/2013, 122 So.3d 548.

Meanwhile, petitioner filed a third collateral attack on his conviction on January 2, 2013. It was denied, apparently as repetitive, by the District Court on February 11, 2013. [Doc. 1-4, pp. 13-14; 37-38] Petitioner sought review in the Second Circuit Court of Appeals and on April 11, 2013, the Court of Appeals addressed the merits of petitioner's claims and denied relief. *State of Louisiana v. James Anthony Coffman*, No. 48,316-KH (La. App. 2 Cir. 4/11/2013) [Doc. 1-4, pp. 23-24 and 26]. Petitioner's writ application was denied by the Louisiana Supreme Court on October 11, 2013. The Court again concluded that his application for post-conviction relief was untimely filed under art. 930.8. *State of Louisiana ex rel. James Anthony Coffman v. State of Louisiana*, 2013-1095 (La. 10/11/2013), 123 So.3d 1225.

The instant petition was signed on November 7, 2013, and presented to prison officials for mailing on November 12, 2013. [Doc. 1-6, p. 2] It was received and filed on November 14, 2013.

### *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

3

seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Following his conviction and the imposition of sentence, petitioner appealed to the Second Circuit Court of Appeals;  on May 13, 2009, his sentence was affirmed. *State of Louisiana v. James Anthony Coffman*, 44,183, 44,184 (La. App. 2 Cir. 5/13/2009), 13 So.3d 725.[2]  Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

[2] In the absence of evidence to the contrary, it will be presumed, for the purposes of this Report, that the Court of Appeals followed its own rule and mailed notice of judgment to petitioner and/or his attorney on the same date as the opinion was rendered. See Uniform Rules Courts of Appeal, Rule 2-16.4 which provides, "In every case, one copy of the opinion, <u>when rendered</u>, shall be transmitted to ... all appeal counsel of record, and all parties not represented on appeal." (Emphasis supplied)

4

Circuit's mailing of notice of judgment, or until June 15, 2009, within which to petition the

Supreme Court for further direct review.[3]  However, as noted above, petitioner did not seek

further direct review in the Supreme Court. [See Doc. 1, ¶9(g)]  Therefore, petitioner's judgment

of conviction "... became final by ... expiration of the time for seeking [further direct]  review..."

under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review

pursuant to Louisiana Supreme Court Rule X, §5(a) expired on June 15, 2009. *See Butler v.*

*Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an

application 'to review a judgment of the court of appeal either after an appeal to that court ... or

after a denial of an application, shall be made within thirty days of the mailing of the notice of

the original judgment of the court of appeal.' [The] time for seeking further review of his state

conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ...

decision, challenge that decision in the state Supreme Court.")  Thereafter, since petitioner's

judgment of conviction became final under the AEDPA on June 15, 2009, petitioner had 1-year,

or until June 15, 2010, to file his federal *habeas corpus* petition.

      Petitioner was able to toll the limitations period pursuant to Section 2244(d)(1) when he

filed his first application for post-conviction relief on November 30, 2009.  However, by that

time a period of 168 days of the 1-year prescriptive period had already lapsed. Petitioner's first

application for post-conviction relief remained pending only until March 25, 2010, when the

District Court denied relief [Doc. 1-4, p. 6; pp. 7-8; pp. 27-29; p. 30; pp. 31-32], and, as noted

above, petitioner did not seek appellate review of the denial of his first application. [Doc. 1,

---

[3] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a
judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of
the original judgment of the court of appeal..."

¶12(d)(4); Doc. 1-2, ¶1 and ¶6]

Thereafter, petitioner took no steps to toll limitations until September 7, 2012, the date he filed his *pro se* "Motion to Vacate all Illegally Conducted Proceedings and have the Court fulfill its Statutory Duty Pursuant to La. C.Cr.P. arts. 642 & 648 Which Specifically Delineates How to Resolve Competence Through Specified Procedures." [Doc. 1-4, pp. 49-64] However, by that time a period of over 2 ½ years had expired untolled following the date of finality of judgment.

Furthermore, both that pleading and his subsequent application for post-conviction relief were ultimately denied as time-barred pursuant to La. C.Cr.P. art. 930.8[4] by the Louisiana Supreme Court. *See State of Louisiana ex rel. James Anthony Coffman v. State of Louisiana*, 2013-0361 (La. 7/31/2013), 118 So. 3d 1113, *reconsideration denied* 10/4/2013, 122 So.3d 548; and, *State of Louisiana ex rel. James Anthony Coffman v. State of Louisiana*, 2013-1095 (La. 10/11/2013), 123 So.3d 1225. Neither of these proceedings could serve to toll limitations pursuant to Section 2244(d)(2) since they were deemed untimely under Louisiana law and therefore not "properly filed" so as to toll limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (Apr 27, 2005) (A petitioner's state post-conviction petition,

---

[4] Art. 930.8 provides (with certain exceptions which do not appear to apply herein), "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922 ..." Art. 922(A) provides a fourteen day deadline for seeking rehearing on appeal. Art. 922 (B) in turn provides (as relevant to this case) "A judgment rendered by the ... appellate court becomes final when the [14 day] delay for applying for rehearing has expired and no application therefor has been made." As noted above, the Court of Appeals rendered judgment affirming petitioner's conviction on May 13, 2009. *State of Louisiana v. James Anthony Coffman*, 44-183, 44,184 (La. App. 2 Cir. 5/13/2009), 13 So.3d 725. He did not seek rehearing or review in the Supreme Court and therefore, his judgment became final pursuant to Louisiana law, fourteen days later, or on May 27, 2009.  Petitioner had until May 27, 2011 to timely file timely applications for post-conviction relief.  His final State collateral attacks were filed on September 7, 2012 and January 2, 2013, well beyond the limitations period established by art. 930.8.

which was rejected by the state court as untimely under state statute of limitations, was not

"properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus

could not toll the limitations period.)  In other words, petitioner allowed a period of almost four

years to elapse untolled between the date his judgment of conviction and sentence became final

under the AEDPA and the date he filed his *habeas* petition.

## 2. *Equitable Tolling*

Petitioner contends that he is entitled to the benefits of equitable tolling. The AEDPA's

one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases."

*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474,

143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting

that courts must "examine each case on its facts to determine whether it presents sufficiently  rare

and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127

S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125

S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy

or any other reason), ignorance of the law, nor even lack of representation during the applicable

filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999);

*see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination

case). "Equitable tolling applies principally where the plaintiff is actively misled by the

defendant about the cause of action or is prevented in some extraordinary way from asserting his

7

rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct.

1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128

(5th Cir.1996) (emphasis supplied).

Petitioner argues that he is entitled to equitable tolling because he was medicated "during

pre-trial, plea negotiations, and for two years of his incarceration..." [Doc. 1-2, p. 1] and

thereafter because "... during the time of plea bargaining and during his three years of

incarceration he was incompetent in handling his own appeal while being [prescribed] mental

health medication of 'Haldol' and 'Benztropine...'" and therefore he could not adequately

understand how to proceed to the higher courts after direct appeal and how to proceed to obtain

discretionary review following the denial of his first attempt to obtain post-conviction relief.

[Doc. 1-2, p. 3] Petitioner supplied medical forms [Doc. 1-4, pp. 1-4] which are difficult to

decipher, but which suggest that previously prescribed mental health medications – Sinequan,

Haldol, and Cogentin (Benztropine) were discontinued on February 28, 2009 [Doc. 1-4, p. 1], a

date which precedes by several months the May 13, 2009, opinion of the Second Circuit which

affirmed his sentence, and the pendency of his first post-conviction proceeding in the District

Court, from November 30, 2009 – March 25, 2010.  On the other hand, he has provided a

document which suggests that he was prescribed Haloperidol as late as September 26, 2010.

[Doc. 1-4, p. 3]

However, the fact that a *habeas* petitioner may have been under the influence of

psychotropic medicine during the relevant period does not necessarily warrant the application of

equitable tolling. *See Hulsey v. Thaler*, 421 Fed. Appx. 386, 390 (5th Cir.2011).  Indeed, claims

of mental incompetence standing alone, do not necessarily warrant the application of equitable

tolling. *Smith v. Johnson*, 247 F.3d 240, 243 (5th Cir.2001). In order to obtain the benefits of

8

equitable tolling, the *habeas* petitioner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." *Id.*  Here, petitioner fails to articulate how his mental condition or the medications prescribed to resolve his condition, impeded his efforts to obtain timely collateral review of his conviction.

Finally, brief periods of incapacity,  whether due to mental illness, medication, or confinement, do not necessarily warrant equitable tolling, since it must still be shown that the petitioner diligently pursued his application during the remainder of the limitation period and still could not file the appropriate pleadings in a timely fashion. *Fisher v. Johnson*, 174 F .3d 710, 715–16 (5th Cir.1999).

The pleadings do not establish that petitioner was prevented in any way from timely asserting his rights. Further, the record clearly demonstrates that petitioner was hardly diligent with regard to the collateral attack on his conviction and therefore clearly not entitled to equitable tolling.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

9

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, February 13, 2014.

_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**